SARGENT et al.

v.

CALIFORNIA TOLL BRIDGE AUTHORITY.

No. 13788.

United States Court of Appeals Ninth Circuit.

Aug. 3, 1954.

**304**

Morgan & Beauzay, Robert Morgan, San Jose, Cal., for appellants.

Edmund G. Brown, Atty. Gen., E. G. Funke, Ralph W. Scott, Asst. Attys. Gen., State of Cal., for appellee.

Before HEALY, BONE, and FEE, Circuit Judges.

## PER CURIAM.

Plaintiffs (appellants) brought suit naming as defendants the California Toll Bridge Authority, Robert Stevens as Secretary of the Army, and Gordon W. Stark as District Engineer of the Corps of Engineers of the United States Army. In their complaint they alleged that they are citizens of California, residents of Santa Clara County in the San Francisco Bay area, and are interested in the prevention of obstructions to the navigation of the Bay. They alleged that the Secretary of the Army granted to the Toll Bridge Authority a permit to construct a bridge at a certain site across the Bay between Marin and Contra Costa Counties, and on information and belief alleged that the permit was issued by the Secretary of the Army without notice or public hearing as required by 33 Code of Federal Regulations, § 209.120.[1] In their prayer for relief they asked judgment declaring the permit issued by the Secretary to be invalid, and that District Engineer Stark be ordered to give public notice and set the application for the permit for public hearing as required by the Regulation. The complaint is barren of any allegation that the Authority has failed to comply with the terms of the Secretary's permit, and no relief was sought as against the Authority.

The Toll Bridge Authority, appearing specially below, moved for a dismissal of the complaint as against itself on the ground that it is an agency of the State of California, that neither it nor the State has consented to be sued in the district court of the United States, and that the court lacks jurisdiction over the Authority. The motion was granted and the plaintiffs have appealed to this court from the order granting it.

The Secretary of the Army was not served with summons in California although an attempted personal service was apparently made upon him in the District of Columbia. Subsequent to the appeal aforesaid, the Secretary appeared specially in the district court and moved to quash the purported service, and for a dismissal as against himself, on the ground that he was not served nor subject to service in the Northern District of California. Appellants did not contest the motion. It was granted and the cause as against the Secretary was dismissed, no appeal being taken from the dismissal. The time for appealing from it has long since expired.

As for District Engineer Stark it is conceded that no service has ever been made upon him in the cause.

As already indicated, no relief was sought as against the Authority. The dismissal of the cause as against the Secretary of the Army has obviously rendered the case moot.

The appeal is accordingly dismissed.

---

1. "§ 209.120 Bridges and dams across waterways—
   (a) * * * * * * *
   (b) Action on application * * *
   * * * * *
   (3) Notice and hearing. (i) Public hearings are required unless the report of the district engineer convincingly demonstrates that from the circumstances no proper objection to the structure can exist. In any event a public notice must be issued to all interested parties."